IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUL 11 PM 4:25
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ (\
DEPUTY

ANDREW JOSEPH REEVES,
    Movant,

-vs-

UNITED STATES OF AMERICA,
    Respondent.

Case No. A-14-CA-548-SS
[No. A-11-CR-511(1)-SS]

# ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Andrew Joseph Reeves's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#77], the Government's Response [#80], and Reeves's Reply [#81]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DISMISSING Reeves's motion as time-barred.

## Background

On September 20, 2011, Reeves was charged in a two-count indictment with conspiracy to possess with intent to distribute a controlled substance which contained a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a), (b)(1)(C) (Count 1); and possession with intent to distribute a controlled substance, which offense involved a mixture or substance that contained a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C) (Count 2).

Reeves pleaded guilty to Count 2 on January 19, 2012. On March 23, 2012, this Court sentenced Reeves to 160 months in prison, followed by a three-year term of supervised release, and

ordered Reeves pay a $100 mandatory assessment. This sentence was ordered to run consecutively to a 24-month sentence imposed in Cause Number 1:01-CR-181-SS (revocation of supervised release), for a total term of 184 months. An Amended Judgment was entered on April 16, 2012. Reeves did not appeal.

Reeves executed his § 2255 motion on June 4, 2014. Reeves raises the following grounds for relief: (1) he received ineffective assistance of counsel because (a) counsel misinformed him of his possible Guideline range, and (b) counsel failed to file a timely notice of appeal as requested; (2) his sentence as a Career Offender under U.S.S.G. § 4B1.1 violates *Alleyne v. United States*, 133 S. Ct. 2151 (2013); and (3) his sentence as a Career Offender violates *Descamps v. United States*, 133 S. Ct. 2276 (2013).

## Analysis

### I.   Section 2255—Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States*

*v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II.     Application

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). More specifically, § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Reeves's conviction became final, at the latest, on April 30, 2012, fourteen days after this Court entered the amended judgment in Reeves's case. *See* FED. R. APP. P. 4(b)(1)(A)(i); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (when no notice of appeal is filed, federal conviction becomes final upon expiration of the period for filing a notice of appeal). Reeves thus had until April 30, 2013 to execute his § 2255 motion. Reeves did not execute his § 2255 motion until

June 4, 2014, well after AEDPA's one-year limitation period had expired. Reeves's motion is time-barred by AEDPA, and must be dismissed.

In his Reply, Reeves argues his claims regarding *Alleyne* and *Descamps* are timely under § 2255(f)(3), which allows prisoners to file motions within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Supreme Court did not hold the rules announced in either *Alleyne* or *Descamps* apply retroactively to cases on collateral review, and Reeves therefore cannot take advantage of § 2255(f)(3). *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (holding *Alleyne* does not apply retroactively to cases on collateral review); *United States v. Chapman*, No. H-09-028, 2014 WL 1931814, at *4 (S.D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review." (collecting cases)).

## Conclusion

Reeves's claims are time-barred by AEDPA, and must be dismissed with prejudice.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Reeves's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

IT IS ORDERED that Movant Andrew Joseph Reeves's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#77] is DISMISSED WITH PREJUDICE as time-barred;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 11th day of July 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE